[S. F. No. 12127.   Department One.—April 21, 1928.]

LELAND S. MURPHY et al., Appellants, v. E. V. LACEY et al., Respondents.

Robert B. Gaylord for Appellants.

Charles W. Byrnes and Robert L. McWilliams for Respondents.

SEAWELL, J.—Plaintiffs, as the assignees of one L. J. Brown, brought an action against E. V. Lacey and Veronica E. Lacey on two counts for the recovery of the sum of $2,000. The first count stated a case for money had and

received growing out of the same statement of facts specifically pleaded in the second count. Said facts are substantially as follows: On June 5, 1924, defendants E. V. Lacey and Veronica E. Lacey entered into a contract whereby said defendants agreed to sell to plaintiff's assignor, L. J. Brown, and he agreed to purchase from them at the agreed purchase price of $150,000 certain real property situate in the city and county of San Francisco. Said contract further provided that said sale was subject to a prior subsisting agreement of sale of said real property entered into by defendant Lacey as seller and one T. J. Neilan and others as purchasers. The parties to said contract referred to said agreement of sale existing between Lacey and Neilan and others at the agreed price of $160,000 net to Lacey and concluded this subject of the agreement in the following language: "All right, title and interest in said agreement of sale with T. J. Neilan et al., being hereby sold, assigned and transferred to L. J. Brown for a consideration of one ($1.00) dollar, receipt of which is hereby acknowledged and included in the sale price of this property for the said sum of one hundred fifty thousand ($150,000.00) dollars NET; it being understood that the purchaser under this contract succeeds to and receives all benefits on the seller's part under the Neilan contract."

Concurrently upon the execution of the Neilan agreement to purchase he deposited the sum of $1,000 with said Lacey as a part payment on account of said contract, and the same thereafter became forfeited by reason of the failure of said Neilan and others to perform the terms of their contract. Said $1,000 was in the hands of Lacey some time before the contract was made by him with plaintiffs' assignor. It is for the recovery of this deposit sum, which plaintiffs were led into the error of believing to be $2,000, that the action was commenced in the lower court.

It is the claim of plaintiffs that by the plain terms of the portion of the contract above quoted they are entitled to everything received by Lacey from Neilan. By their answer defendants allege that said quoted portion of the contract did not express the true intent, purpose, or agreement of the parties thereto, and that the understanding and agreement intended to be made was that, in the event Neilan consummated his agreement to purchase said real

property for said agreed price of $160,000, which was regarded as uncertain by the parties to the transaction, plaintiffs' assignor was to profit to the extent of the difference between that sum and the price he agreed to pay, to wit, $150,000, less the $1,000 theretofore paid to said Lacey, and, in the event of a forfeiture of Neilan's option, Brown was to pay Lacey $150,000 net for said real property. By cross-complaint defendants set forth in detail the intent, understanding and true agreements of the plaintiffs' assignor and Lacey, and prayed that the said contract be revised and reformed to conform thereto. (Civ. Code, sec. 3399.) The trial court properly permitted the cross-complaint to stand.

While there was a conflict in some respects in the evidence as to the intent of the parties to said contract, it was not such a conflict as would preclude the court from finding that the transaction was intended to be in harmony with the version given by the defense. In fact, the contention of the defendants as to the understanding of Lacey with respect to the agreement, which was intended to be reduced to writing and which was prepared by his adversary, examined in the light of the circumstances of the transaction comports far better with the rule of rationality that a person in the transaction of business takes ordinary care of his own concerns and does not wittingly enter into an obviously unwise or foolish agreement than would the contrary contention made by appellants.

■ We are not prepared to say that it was error for the trial court, even in the absence of a pleading for the revision of the contract, to have admitted evidence under sections 1856, 1860, of the Code of Civil Procedure, to explain what was meant by the term "it being understood that the purchaser under this contract succeeds to and receives all benefits on the seller's part under the Neilan contract," which was rendered more or less uncertain by the fact that respondent Lacey long prior to entering into a second contract of sale of said real property for the sum of $150,000 had received $1,000 in cash from Neilan on account of a contract upon which there remained an unpaid balance of $159,000. Whether the benefits referred to were to reach backward and include the $1,000 or whether appellants were buying all the enforceable rights and benefits then and thereafter to accrue under the Neilan contract are matters

of uncertainty examined in the light of facts and circumstances of the transaction. However this may be, the trial court was fully warranted by section 3399, of the Civil Code, in its ruling allowing the cross-complaint which sought relief by way of revision of said instrument to conform with the understanding of respondents and what the court found to be the understanding of appellants' assignor.

Aside from what has already been said, there is another' circumstance which doubtless weakened appellants' contention of the understanding of the parties to the Brown contract. Appellants went through with the contract made with Lacey on the theory that he was to receive $150,000 net for his property from appellants. Deeds were passed and some time elapsed before claim was laid to the $1,000 paid to Lacey under the Neilan agreement. The delay in demanding said $1,000 paid to Lacey under the Brown contract seems to have been suggested by afterthought.

Judgment affirmed.

Curtis, J., and Preston, J., concurred.

Hearing in Bank denied.

All the Justices concurred.